Colcocic, J.
delivered the opinión, of the-court.
By the third section of the prison bounds act, (Grimke P. L. 456. 2 Brevard’s Digest 158,) it is enacted that “ all prisoners in execution on any civil- process, who are or shall be committed to the custody of any or either ofthe sheriffs of *15 the districts of this state, shall be entitled to the benefit of the said rules, bounds or limits, provided he or she shall within forty days after being taken in execution, give satisfactory security to the sheriff of the district or county where he or she may be confined, (for the solvency cf which security, the sheriff shall also be answerable) that he or she will not only remain within the said rules, bounds or limits, but will also within forty days render to the clerk of the court in the district, .a schedule ou oath or affirmation, (agreeably to the form of his or her religious persuasion,) of his or her whole estate, or so much thereof as will pay and satisfy the sum due on the execution, by force of which he or sho shall be confined.” And by the seventh section, it is enacted that if such debtor fail to make the schedule within the forty days, he or she shall not be any longer entitled to the bounds, but the bond shall be forfeited and assigned.
It will be observed that the debtor is required not only to remain within the bounds, but .that while so remaining, she is also required to render to the clerk of the court the schedule of her property. Nov/it is impossible that this can be done in person; for-if she remain within the bounds, she cannot have access to the clerk whose office is without the bounds. The obvious meaning of the law then is, that the prisoner shall render this schedule by the agency of another. Now although it is a general rulp that the principal is liable for the acts of his agent, yet when we examine the reasons of that rule, it will be found not to apply to a hase of this kind. A principal is liable for the acts of his agent, first, because he may act for himself;' and it is the result of convenience or interest which induces him to employ another; and further when an injury is done, he who causes it must .bear the consequences of it. But here the party was trammelled by the law, she was not free to act for herself, nor is therein reality any injury resulting to the party plaintiff from not filing this schedule within the forty days. I say there is jio injury, because none has been shewn and none can *16 be conceived of. The attorney was intrusted with it in due time, who was most certainly as fit an agentas could be em*-' ployed; and he by sickness,, an unavoidable occurrence, was-prevented from depositing it with the clerk within the forty days. The case 1 think, comes clearly within that class of cases in which the courts are in the daily habit of affording relief to parties who might otherwise be injured by the neglect of their attornies. One employs an attorney to enter an-appearance, he from sickness is prevented from attending the court, and judgment by default goes against his client, the court uniformly opens the judgment and suffers the party to plead, upon his shewing that he has a just defence. Nor can I apprehend any danger, as has been suggested, from establishing any thing like precedent in this case; for the court must in every case be well satisfied that the delay was occasioned by some inevitable occurrence; and in enforcing a remedial statute will always apply ibe remedy when it can be done without injury to any one.
Grimke, Legare and Grimke, for the motion. •
King contra.
The motion is refused.